


UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS
ROCK ISLAND DIVISION

| | | |
|---|---|---|
| JESSIE JOWERS and DEMETRY PARKER,<br><br>Plaintiffs,<br><br>v.<br><br>VILLAGE GREEN APARTMENTS, LLC; FAWCETT CORPORATION; CPM STAFFING SERVICES, LLC, and VILLAGE GREEN HOUSING PARTNERS, L.P.,<br><br>Defendants. | ) | Case No. 1:13-cv-1286-SLD-JEH |

<u>ORDER</u>

Plaintiffs Jessie Jowers and Demetry Parker claim Defendants Fawcett Corporation, CPM Staffing Services, LLC ("CPM"), and Village Green Housing Partners, L.P. ("VGHP"), terminated their employment on the basis of race and age in violation of Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e *et seq.*, and the Age Discrimination in Employment Act of 1967, 29 U.S.C. § 621 *et seq*. This matter comes before the Court on Defendants' Motion to Dismiss the Second Amended Complaint, ECF No. 20. In light of the filing of Plaintiff's Second Amended Complaint, Defendants' Motion to Dismiss the First Amended Complaint, ECF No. 18, is MOOT. *See* Local Rule 7.1(E). For the following reasons, the Court GRANTS IN PART and DENIES IN PART Defendants' Motion to Dismiss the Second Amended Complaint.

## BACKGROUND[1]

### I. Factual History

Defendant VGHP, an Illinois-based limited partnership, owns the Village Green Apartments housing complex in Peoria, Illinois. Defendant CPM, a Missouri-based limited liability company, provides staffing services at Village Green Apartments. Defendants VGHP, CPM, and Fawcett Corporation share common offices, management, equipment, employees and ownership. Charles Fawcett, Jr., is president of VGHP, Inc., which is general partner of VGHP.

Defendants employed Jessie Jowers, a 57-year-old African-American man, as a maintenance worker at Village Green Apartments for at least one year before they terminated him on March 8, 2013. Second Am. Compl. ¶¶ 4, 11, 13. Defendants employed Demetry Parker, a 36-year-old African-American man, as a maintenance worker at Village Green Apartments for at least seven years before laying him off on March 8, 2013. *Id*. ¶¶ 5, 12, 14. Jowers and Parker met Defendants' legitimate job expectations and did not engage in any misconduct during their employment. *Id.* ¶¶ 15, 16. They claim that their immediate supervisor, Charlie Pich, created a workplace atmosphere hostile to African Americans.

Defendants informed Jowers and Parker that their positions were terminated due to a "large decrease in the recent work load." Defendants hired several less-qualified white workers shortly after March 8, 2013, however, and Plaintiffs therefore maintain that the stated reason for their termination was merely a pretext to cover racial discrimination. In addition to race, Jowers claims that age discrimination motivated his termination.

[1] In a motion to dismiss, all well-pleaded allegations in the complaint are taken as true and viewed in the light most favorable to the plaintiff. *Indep. Trust Corp. v. Stewart Info. Servs. Corp.*, 665 F.3d 930, 934 (7th Cir. 2012). Accordingly, unless otherwise noted, the material in this section is based on allegations in the Second Amended Complaint and documents attached thereto, ECF No. 20.

## II. Procedural History

On March 21, 2013, Jowers filed a Charge of Discrimination on EEOC Form 5 with the Equal Employment Opportunity Commission's ("EEOC") Chicago District Office, in which he alleged that "Village Green Apartments" discriminated against him on the basis of race and age. The same day, the EEOC sent a Notice of Charge of Discrimination to "Chief Executive Officer, Village Green Apartments." Defs.' Mem. in Supp. Mot. Dismiss First Am. Compl., Ex. 2, ECF No. 19-2.[2] On March 26, 2013, the EEOC mailed a Notice of a Right to Sue to Jowers, cc'ing "Village Green Apartments."

Parker submitted a typed statement to the EEOC on March 14, 2013, stating that he sought to "file formal charges against Village Green Apartments/aka/Fawcett Corporation/aka/CPM Staffing" for racial discrimination. He filed a formal charge on EEOC Form 5, naming only CPM, on June 28, 2013. Defs.' Mem. in Supp. Mot. Dismiss First Am. Compl., Ex. 3, ECF No. 19-3. On July 9, 2013, the EEOC sent a Notice of Charge of Discrimination to "Charles Fawcett, CEO, CPM Staffing Services, LLC." *Id.* On August 6, 2013, the EEOC sent Parker a Notice of Right to Sue, cc'ing Charles Fawcett, Jr., twice—as president of CPM and as president of "Village Green Apartments/Fawcett Corp."

Jowers filed the instant suit, alleging employment discrimination in violation of Title VII and the ADEA by Fawcett Corporation, CPM, and "Village Green Apartments, LLC," on June 25, 2013. Compl., ECF No. 1. After obtaining the Court's leave, Jowers filed the First Amended Complaint on October 2, 2013, adding Parker as a plaintiff and VGHP as a defendant. First Am. Compl., ECF No. 11. Plaintiffs voluntarily dismissed Village Green Apartments,

[2] On a motion to dismiss, a court may consider documents referenced in the Complaint and "upon which [a plaintiff's] claim depends." *Craig v. Rich Twp. High Sch. Dist. 227*, 736 F.3d 1110, 1113 n.1 (7th Cir. 2013). Plaintiffs' EEOC charges, essential to bringing their Title VII and ADEA claims and referenced in the Second Amended Complaint, fall within this category.

LLC, on November 22, 2013, due to their inability to "discern an appropriate agent upon which to affect service." Notice Vol. Dismissal, ECF No. 17; Pls.' Mem. in Opp. Mot. Dismiss Second Am. Compl. 2, ECF No. 26.

On December 2, 2013, Defendants moved to dismiss the First Amended Complaint, or obtain a more definite statement, on that grounds that Jowers and Parker: (1) failed to allege that they were employees of Defendants as required under Title VII and the ADEA; (2) failed to exhaust their administrative remedies, and (3) could not maintain Parker's ADEA claim because Parker was too young to qualify for ADEA protection, *see* 29 U.S.C. § 631(a) ("The prohibitions in this chapter shall be limited to individuals who are at least 40 years of age.") Defs.' Mot. Dismiss First Am. Compl, ECF No. 18; Defs.' Mem. in Supp. Mot. Dismiss First Am. Compl., ECF No. 19.

On December 16, 2013, Plaintiffs filed a Second Amended Complaint that alleged they were Defendants' employees and omitted Parker's ADEA claim. Rather than renewing their first motion, Defendants now move to dismiss most of Jowers's and Parker's claims on the grounds that their EEOC charges failed to name all appropriate Defendants. Defs.' Mot. Dismiss Second Am. Compl., ECF No. 23; Defs.' Mem. in Supp. Mot. Dismiss Second Am. Compl. 4–6, ECF No. 24.

## DISCUSSION

### I. Standard on Motion to Dismiss

The Federal Rules of Civil Procedure require a pleading to contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a). To survive a motion to dismiss under Rule 12(b)(6), a complaint must state a claim to relief that is "plausible on its face." *Bell Atl. Corp. v. Twombly,* 550 U.S. 544, 570 (2007). A claim "has

facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Aschroft v. Iqbal*, 556 U.S. 662, 678 (2009). The Seventh Circuit has identified the practical requirements of *Twombly* and *Iqbal* for federal pleading:

> First, a plaintiff must provide notice to defendants of her claims. Second, courts must accept a plaintiff's factual allegations as true, but some factual allegations will be so sketchy or implausible that they fail to provide sufficient notice to defendants of the plaintiff's claim. Third, in considering the plaintiff's factual allegations, courts should not accept as adequate abstract recitations of the elements of a cause of action or conclusory legal statements.

*Brooks v. Ross*, 578 F.3d 574, 581 (7th Cir. 2009).

## II. Legal Framework

A party not named in an EEOC charge of discrimination generally may not be sued under Title VII. *See* 42 U.S.C. § 2000e-5(f)(1); *Tamayo v. Blagojevich*, 526 F.3d 1074, 1089 (7th Cir. 2008). Courts apply this EEOC administrative requirement to ADEA claims as well. *See Reynolds v. Tangherlini*, 737 F.3d 1093, 1101 (7th Cir. 2013) ("The EEOC's procedural regulations for ADEA charges are, in turn, the same as those governing Title VII charges."); *Kopec v. City of Elmhurst*, 966 F. Supp. 640, 646 n.2 (N.D. Ill. 1997) (applying EEOC charge-naming rule to ADEA claim). This requirement provides the employer with some notice of its alleged wrongdoing and "affords the EEOC and the employer an opportunity to attempt conciliation without resort to the courts." *Ezell v. Potter*, 400 F.3d 1041, 1046 (7th Cir. 2005). As a result, the Seventh Circuit permits a defendant not named in an EEOC charge to be sued where the defendant nevertheless had notice of the charge against it and an opportunity to participate in conciliation proceedings aimed at voluntary compliance. *Alam v. Miller Brewing Co.*, 709 F.3d 662, 666 (7th Cir. 2013) (citing *Eggleston v. Chicago Journeymen Plumbers'*

*Local Union No. 130, U.A.*, 657 F.2d 890, 905 (7th Cir. 1981); *Schnellbaecher v. Baskin Clothing Co.*, 887 F.2d 124, 127 (7th Cir. 1989)).

A plaintiff need not "prove" that the *Eggleston* exception applies to survive a motion to dismiss, but must plead factual allegations from which a court can plausibly infer that the requisite conditions exist. *See id.* at 666–67. Title VII's remedial goals should not be frustrated by mere procedural imprecision, especially considering that many EEOC charges are filed without legal assistance. *See Eggleston*, 657 F.2d at 905–06. Courts must construe EEOC charges with "utmost liberality" and join parties sufficiently named or alluded to. *Id.* (citation omitted).

## III. Analysis

Defendants argue that because Parker's EEOC charge named only CPM, his claims against Fawcett Corporation and Village Green Housing Partners must be dismissed. Likewise, Defendants maintain, because Jowers's EEOC charge named only "Village Green Apartments," his claims against Fawcett Corporation, CPM, and Village Green Housing Partners cannot stand. Defs.' Mem. in Supp. Mot. Dismiss Second Am. Compl. 5–6. Defendants argue that the *Eggleston* exception does not apply here because the unnamed Defendants did not receive notice of the claims against them. *See Schnellbaecher*, 887 F.2d at 127.

Notice of Parker's charge was sent to "Charles Fawcett, CEO" of CPM. On July 23, 2013, Fawcett sent a letter to the EEOC's Chicago District Office in response to Parker's charge of discrimination. Plaintiffs attached the letter to their Second Amended Complaint and the Court may consider it on this motion to dismiss. *See Williamson v. Curran,* 714 F.3d 432, 436 (7th Cir. 2013). Fawcett acknowledges that VGHP owns Village Green Apartments, and that he is president of VGHP's general partner, VGHP, Inc. Second Am. Compl., ECF No. 20-1. While

he does not explicitly state his relationship to CPM, Fawcett identifies Parker as "an employee of CPM Staffing Services who worked at Village Green Apartments." *Id.* Throughout the remainder of the letter, he speaks about the decision to lay off Parker in the first person plural, without differentiation between Village Green and CPM. For example, "Demetry came to us from a temp service in 2006" and "[w]e are and always have been an equal opportunity employer." *Id.*

This letter does not distinguish among Fawcett himself, VGHP, Inc., VGHP, and CPM as Parker's employer. Coupled with Fawcett's name on the EEOC charge notice and Plaintiffs' allegations that Defendants share common offices, management, equipment, employees, and ownership, the Complaint and incorporated material support the reasonable inference that at least Defendants VGHP and CPM had notice of Parker's claim against each of them prior to this suit.

As for Jowers, notice of his EEOC charge was addressed to "the chief executive officer" of Village Green Apartments. This fact, considered along with VGHP's ownership of Village Green Apartments, supports a plausible inference that Fawcett would receive EEOC notification sent to a Village Green Apartments "chief executive officer." It follows that Fawcett himself and entities he runs, Defendants VGHP and CPM, received notice of Jowers's claims against each individually.

Plaintiffs allege that the EEOC issued them notice of their right to sue after the EEOC "did not resolve [their] claim[s] on a voluntary basis." Second Am. Compl. ¶¶ 22, 24. Defendants do not develop an argument regarding their lack of opportunity for voluntary conciliation, and indeed, there is no indication that CPM sought conciliation despite its undisputed notice of Parker's charge. Regardless, Plaintiffs' factual allegations, and reasonable inferences drawn therefrom, that Defendants VGHP and CPM had notice of each Plaintiff's

charge against each of them and an opportunity to engage in any conciliatory proceedings are sufficient to defeat a motion to dismiss on the basis of *Eggleston*. *See Iqbal*, 556 U.S. at 678; *Alam*, 709 F.3d at 666–67.

Outside of alleging the integration of all Defendants' offices, operations, and employees, however, Plaintiffs do not mention any role played by Fawcett Corporation, which was also neither explicitly nor implicitly mentioned on either Plaintiff's EEOC charge or notice of charge. The Complaint therefore supports no inference that Fawcett Corporation received notice of EEOC charges against it.

Plaintiffs argue that Defendants' alleged integration means they should be considered a "single employer," and therefore notice of the EEOC charge to Defendants VGHP and/or CPM would serve as notice to Fawcett Corporation. Pls.' Mem. in Opp. Mot. Dismiss 5–6. However, the "single employer" exception arises from a parent-subsidiary or affiliated corporation relationship. *See Papa v. Katy Indus., Inc.*, 166 F.3d 937, 939–42 (7th Cir. 1999); *Radimecky v. Mercy Health Care & Rehab. Cntr.*, No. 00 C 2889, 2000 WL 1644510, at *2, (N.D. Ill. Oct. 26, 2000) (noting that qualifying under "single employer" exception means that notice to "the parent" equals notice to "a subsidiary"); *EEOC v. Foster Wheeler Constr., Inc.*, No. 98 C 1601, 1999 WL 507397, at *6 (N.D. Ill. July 6, 1999).

The Complaint provides the Court with no basis to infer that any such relationship exists between Fawcett Corporation and VGHP or CPM. Even if Defendants share offices, management, employees, owners, and equipment, it does not follow that Fawcett Corporation participates in management of Village Green Apartments or has an ownership interest in or control over any Defendants that do. The Court is not aware of any basis to infer that Defendants' relationship permits any one of them to avoid Title VII liability due to having too

few employees, *see* 42 U.S.C. § 2000e(b), which is the circumstance that gives rise to the "single employer" doctrine. *See Papa*, 166 F.3d at 939–40. Therefore, the Court cannot infer that Fawcett Corporation received notice that Plaintiffs' discrimination charges were directed specifically at it. *See Schnellbaecher*, 887 F.2d at 127. Accordingly, Plaintiffs cannot maintain their Title VII and ADEA claims against Fawcett Corporation.

## CONCLUSION

Defendants' Motion to Dismiss the Second Amended Complaint, ECF No. 23, is GRANTED IN PART and DENIED IN PART. All claims against Defendant Fawcett Corporation are dismissed. The Motion is otherwise denied.

Entered this 9th day of September, 2014.

s/ Sara Darrow
SARA DARROW
UNITED STATES DISTRICT JUDGE